**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ALVARO LEIVA-TUT, | |
|        Petitioner, | CIVIL ACTION NO.  26-4734 |
|     v. | |
| J.L. JAMISON, *et al.*, | |
|        Respondents. | |

## ORDER

**AND NOW,** this 9th day of July 2026, upon consideration of Alvaro Leiva-Tut's Petition for Writ of Habeas Corpus [Doc. No. 1] and the government's Opposition [Doc. No. 3], and for the reasons stated in the accompanying Memorandum Opinion, it is hereby **ORDERED** that the Petition [Doc. No. 1] is **GRANTED** as follows:

1.    It is hereby **DECLARED** that Leiva-Tut's continued detention is in violation of the Immigration and Nationality Act. Leiva-Tut is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and is instead subject to detention, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226(a).

2.    The Writ of Habeas Corpus shall issue, and the government shall **RELEASE** Leiva-Tut from custody immediately and certify compliance with the Memorandum Opinion and Order by filing an entry on the docket no later than 4:00 p.m. ET on July 9, 2026.

3.    The government is temporarily enjoined from re-detaining Leiva-Tut for seven days following his release from custody.

4.  The government shall, immediately upon Leiva-Tut's release, return all personal belongings confiscated upon or during his detention, including his identification and personal documents.

5.  The Court defers any award of costs or reasonable attorney fees at this time.

6.  If the government chooses to pursue renewed detention of Leiva-Tut after the seven-day period mentioned in Paragraph 3, it must first provide him with notice and an opportunity to be heard at a bond hearing, at which a neutral immigration judge will determine whether Leiva-Tut poses a flight risk or a danger to the community. Should renewed detention occur, the government shall not remove, transfer, or otherwise facilitate the removal of Leiva-Tut from the Eastern District of Pennsylvania before the ordered bond hearing. If the immigration judge determines that Leiva-Tut is subject to detention under 8 U.S.C. § 1226(a), the government may request permission from the Court to move Leiva-Tut if unforeseen or emergency circumstances arise that require him to be removed. Any such request must include an explanation for the request as well as a proposed destination. In that eventuality, the Court will then determine whether to grant the request and permit transfer of Leiva-Tut.

**BY THE COURT:**

**/s/ Cynthia M. Rufe**

**CYNTHIA M. RUFE, J.**

2